IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION


ERNEST COMBS                                                                                    PLAINTIFF


V.                                            4:09CV00329 SWW


MITCHELL NELSON, Officer, North
Little Rock, Arkansas                                                                          DEFENDANT


**ORDER**

Plaintiff, who is currently being detained at the Dallas County Detention Center pending the resolution of federal criminal charges, filed this *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983. He has named as a Defendant an officer of the North Little Rock Police Department and contends that his constitutional rights were violated when the Defendant used excessive force in effecting his arrest. According to Plaintiff, on May 6, 2008, he was injured when the Defendant "and about twenty-five other officers," who are not named as Defendants, "rammed" the yellow cab Plaintiff was riding in. According to Plaintiff's statement of facts, Defendant Nelson was acting on the tip of an anonymous caller who reported that a man, identified as "Earnest Jones," had pulled out a shotgun while riding in "cab 20."

Plaintiff has not argued that he did not have a shotgun in the cab. Rather, he argues that the tip relied upon by the officers was "unreliable" and the search conducted upon his arrest was constitutionally infirm. Plaintiff has not revealed in his pleading what the outcome of the arrest has

been, but his address at the Dallas County Jail[1] suggested that Plaintiff might still be facing criminal charges of some variety. In fact, on January 7, 2009, an indictment was lodged against Plaintiff stating that Plaintiff, having been previously convicted of a felony,[2] did on May 6, 2008, knowingly possess a 12-gauge shotgun and ammunition in violation of 18 U.S.C. § 922(g)(1). *See U.S.A. v. Combs*, 4:09CR0004 JMM-1, docket entry #1. Plaintiff was served with an arrest warrant for this charge on January 20, 2009, and a detainer order was entered by the magistrate the following day. Plaintiff has been appointed a public defender and a jury trial on this criminal charge is scheduled for July 27, 2009.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under

---

[1] Plaintiff has recently notified the Court that he has been moved to the Pulaski County Jail in Little Rock. On June 25, 2009, a bond/detention hearing was held before Magistrate Judge J. Thomas Ray on the federal gun possession charge. After taking testimony, the Court found that there were no conditions that would insure the safety of the community and remanded Plaintiff's custody back to the U.S. Marshal. *See* docket entry #18, *U.S.A. v. Combs,* case no. 4:09CR0004 JMM.

[2] Plaintiff has been twice convicted of second degree murder, in 1971 and in 1991 (docket entry #18, *U.S.A. v. Combs,* case no. 4:09CR0004 JMM).

§1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

Although the more common scenario is a motion from a defendant in a civil case for a stay of those proceedings pending the outcome of simultaneously proceeding criminal charges, the Court finds that the same issues warrant a stay and administrative termination of the instant case, pending the outcome of Plaintiff's federal criminal charges. The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308 (1976); *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970). Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of justice seem to require such action, sometimes at the request of the prosecution, * * * sometimes at the request of the defense[.]" *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)(citations omitted); *see Horne Brothers, Inc. v. Laird*, 463 F.2d 1268, 1271-1272 (D.C.Cir.1972).

The court must make such determinations in the light of the particular circumstances of the case. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of

criminal trial, or otherwise prejudice the case.[3] If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it. *See e.g., United States v. Henry*, 491 F.2d 702 (6th Cir. 1974); *Texaco, Inc. v. Borda*, 383 F.2d 607, 608-609 (3d Cir. 1967); *Silver v. McCamey*, 221 F.2d 873, 874-875 (D.C.Cir.1955).

The Supreme Court reaffirmed its commitment to the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" in a recent decision, *Wallace v. Kato*, 549 U.S. 384, 392 (2007), citing *Heck v. Humphrey*, 512 U.S. 477, 482 (1993).

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See* [*Heck*], at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Wallace* at 393-94.

Plaintiff's claim of excessive force used by Defendant Nelson in effecting the arrest, for "ramming" the cab in which he was riding, will necessarily be dependent upon the factual outcome of the pending criminal proceeding. If evidence establishes that Plaintiff was in possession of a

---

[3] In some cases the government seeks postponement of the noncriminal proceeding, to prevent the criminal defendant from broadening his rights of criminal discovery against the government. *E.g., Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963).

shotgun and shot out the window of the cab, as Plaintiff says the 911 caller reported, that evidence will be relevant not only to Plaintiff's guilt but also to whether the officer's actions in hitting the cab were reasonable under the circumstances as opposed to a use of excessive force. Moreover, Plaintiff is acting in this civil case as a *pro se* litigant, and without the benefit of counsel to guide him and perhaps protect his Fifth Amendment rights which may be implicated if this civil case proceeds with discovery and evidentiary hearings. *See e.g., Motley v. Wolf*, No. 4:07CV00823 ERW, 2007 WL 4270569 (E.D. Mo. Dec. 3, 2007)(stay of civil action proper; citing *Wallace, supra* and stating that "otherwise the court and parties are left to 'speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession.'")

For all these reasons,

IT IS THEREFORE ORDERED that all proceedings in this case are STAYED pending final disposition of the criminal charges pending against plaintiff in *U.S.A. v. Combs*, 4:09CR0004 JMM, and all pending motions are denied as moot.

IT IS FURTHER ORDERED that this case is administratively closed pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

DATED this 10th day of July, 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE